# New Jersey Tile Company, Incorporated, *v.* Sharpless & Watts Company, Incorporated, Appellant.

*Contract—Sale of goods—Construction of contract—Discount.*

1. In an action to recover for goods sold and delivered, it appeared that plaintiff's offer accepted by the defendant was as follows: "We hereby agree to furnish and ship to Philadelphia 18,000 sq. ft. of 2″ Hexagon white floor tile.   Price twenty-two (.22) cents sq. ft. packages thirty cents (.30) f. o. b. Trenton; 15%, 5% for cash 30 days, with 10 days' grace allowed for bill to be audited, passed and paid by the city authorities of Phila." *Held*, that the fifteen per cent referred to was a discount from the gross price, and not merely a part of the discount for cash.

2. The meaning of the offer was, price twenty-two cents square foot, less fifteen per cent; five per cent of the net bill off for cash thirty days, with ten days' grace, etc.

Argued Dec. 17, 1908.   Appeal, No. 214, Oct. T., 1908, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1908, No. 3,886, making absolute rule for judgment for want of a sufficient affidavit of defense in case of New Jersey Tile Company, Incorporated, *v.* Sharpless & Watts Company, Incorporated. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*M. Dos Passos*, with him *R. O. Moon*, for appellant.

*William H. Shoemaker*, for appellee.

OPINION BY BEAVER, J., October 11, 1909:

Plaintiff claimed in the court below for certain merchandise,

specifically described in its statement of account, delivery of which and the gross price of which are admitted by the defendant. Defendant, in its affidavit of defense, claims two distinct items of set-off specifically set forth therein: (1) A deduction of fifteen per cent from the purchase price of the goods, as contained in the plaintiff's offer accepted by the defendant, which offer is: "We hereby agree to furnish and ship to Philadelphia 18,000 sq. ft. of 2" Hexagon white floor tile. Price twenty-two (.22) cents sq. ft. packages thirty cents (.30) f. o. b. Trenton; 15%, 5% for cash 30 days, with 10 days' grace allowed for bill to be audited, passed and paid by the city authorities of Phila." It is claimed by the defendant that the fifteen per cent mentioned herein means a discount of that amount from the gross amount of the bill. If there be any ambiguity in regard to this part of the offer of the plaintiff, which may be claimed, it was the subject of explanation on the part of the defendant by parol testimony. The court below for reasons which do not appear, no opinion having been filed, did not allow this discount, judgment having been entered for the full amount of the claim.

As to this item, we are of opinion that the affidavit is good. The fifteen per cent referred to was evidently a discount from the gross price of the articles contained in the bill and was not, as apparently construed by the court, a part of the discount for cash. If it had been so intended, the figures fifteen per cent and five per cent should have been connected by the conjunctive "and." As it is, they are separated by a comma. The plain meaning of the bill, therefore, was, price twenty-two cents square foot, less fifteen per cent; five per cent of the net bill off for cash thirty days, with ten days' grace, etc.

The second item of set-off claimed by the defendant was under an article of agreement between David H. Watts, Jr., trading as Sharpless & Watts, under which the party of the first part, the plaintiff, "hereby appoints, selects and engages the said party of the second part," Sharpless & Watts, "as its sole and exclusive agent in and for the city of Philadelphia and for a radius of thirty miles therefrom, with the sole and absolute right, liberty and privilege of handling, purchasing and dis-

posing of its first and second class vitreous floor tiles, numbered or in sizes 3x3, 3x1½, 2¼x2¼ and 2 hexagon, upon the terms hereinafter mentioned.

"That the said party of the first part shall not, and will not, sell or agree to sell, or enter into any agreement, compact or understanding with any other person or persons, individuals or corporations, as agent, contractor or purchaser, to furnish, supply or sell him or them, either directly or indirectly, in the city of Philadelphia, or within a radius of thirty miles therefrom, any of the aforesaid tiles, or tiles similar thereto, under any pretense whatever, nor do any act, matter, cause or thing that will in any manner interfere with or affect the validity of this agreement or the terms hereof.

"That the said party of the second part shall and will make return or pay for the said tiles as furnished to him from time to time by the second party during the continuance of this agreement, within sixty days or sooner after the same are delivered to him by the said party of the first part at such place or places as may be designated by the said party of the second part, subject, however, in every case to a discount of fifteen per cent on the price of the said tiles."

It appears from the affidavit that Sharpless & Watts, as a partnership, subsequently incorporated and, as a partnership, assigned to the incorporated company this agreement. The plaintiff, as alleged, was notified of the incorporation and continued to deal with the defendant after such notice, on the same terms as it had dealt with the partnership. The affidavit sets forth specifically the sales made by the plaintiff within the exclusive territory granted to Sharpless & Watts by this agreement, assigned to the defendant as aforesaid, the names of individuals being given and the amount of sales made. It is claimed in the affidavit that the discount from these sales claimed by the defendant and the discount from the bill, for which recovery is here sought, exceeds the amount of the claim of the plaintiff by the sum of $67.03, for which it is claimed a certificate will be asked.

The motion was for judgment for the whole amount of the plaintiff's claim and the rule was made absolute for said amount.

Inasmuch as the plaintiff's claim for the discount of fifteen per cent from the gross amount of the bill, as contained in its affidavit, has been considered by us as being proper, the judgment must be reversed. It is, therefore, unnecessary to pass upon the other question in the case. Upon the trial, the offer of evidence will determine whether or not the defendant should be allowed to show that the agreement with Sharpless & Watts as a partnership, for an exclusive agency and special terms, etc., was continued with the corporation, to which it was assigned as alleged. It may be that the defendant may be able to show such a condition as would warrant the submission of that question to the jury, but we do not determine that in advance of the offer.

Judgment reversed and record remitted with a procedendo.